UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL JAMES TYREE,<br><br>Petitioner,<br><br>v.<br><br>BRIAN DUFFY, Warden,<br><br>Respondent. | Case No. 15-cv-03553-HSG (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 10 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Petitioner did not file any opposition to the motion, and the time to do so has passed.

**BACKGROUND**

A jury convicted petitioner of inflicting corporal injury resulting in a traumatic condition on a former cohabitant (Cal. Pen. Code § 273.5, subd. (a)), assault with force likely to cause great bodily injury (Cal. Pen. Code § 245, subd. (a)(1)), and resisting arrest (Cal. Pen. Code § 148, subd. (a)(1)). Ex. A at 2.[1] On December 2, 2011, the trial court sentenced petitioner to 25 years to life in state prison. Ex. C at 12. On August 20, 2013, the California Court of Appeal modified the judgment so as to strike a domestic violence fine but otherwise affirmed. Ex. A at 6. The California Supreme Court denied review on October 30, 2013. Ex. C at 2.

On March 27, 2015, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Ex. B at 2. The petition was denied on July 8, 2015. *Id.*

---

[1] All page numbers used herein refer to those affixed to the top of the page by the court's electronic filing program. All references herein to exhibits are to the exhibits submitted by respondent in support of the motion to dismiss.

1    Petitioner then filed this action, seeking a writ of habeas corpus. The petition has a
2    signature date of July 27, 2015 and was stamped "filed" at the Court on August 3, 2015. As a *pro*
3    *se* prisoner, petitioner receives the benefit of the prisoner mailbox rule, which deems most
4    documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman*
5    *v. LaMarque,* 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume he gave the petition to
6    prison officials for mailing on the date he signed it, i.e., July 27, 2015, and deem the federal
7    petition filed as of that date.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

Here, the judgment became final and the limitations period began on January 28, 2014, ninety days after the California Supreme Court denied review. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires). The presumptive deadline for petitioner to file his federal petition was January 27, 2015. He missed that deadline by six months, so unless he qualifies for tolling, the petition is untimely.

//

### A. Statutory Tolling

Petitioner does not claim he is entitled to statutory tolling. Even if petitioner had claimed such tolling, however, he would not be eligible for it. Pursuant to 28 U.S.C. § 2244, the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). An application for review remains "pending" in state court until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002).

Here, petitioner did not file his first state habeas petition until March 27, 2015, two months after the limitations period under AEDPA had expired. *See* Ex. B. A state habeas petition filed before AEDPA's statute of limitations begins to run tolls the limitations period. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). However, a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

Accordingly, the Court finds the petition is not rendered timely on the basis of statutory tolling.

### B. Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 130 S. Ct. at 2565.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his

untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks and citation omitted).  Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied.  *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005).  Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence."  *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

Petitioner does not argue he was prevented from filing his petition on time.  Nor is there anything in the record to support such a finding.

Accordingly, the Court finds the petition is not rendered timely on the basis of equitable tolling.

**CONCLUSION**

For the foregoing reasons:

1. Respondent's motion to dismiss the instant petition as untimely is GRANTED.

2. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

3. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: August 1, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge